UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARMOND JOHNSON, | CASE NO. 1:23-cv-195 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| JOSEPH CLARK, | **AMENDED MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Plaintiff Armond Johnson filed suit in this Court based on an incident that occurred during his pretrial detention at the Cuyahoga County Corrections Center. (Doc. No. 1.) Defendant Joseph Clark filed a motion for summary judgment under Fed. R. Civ. P. 56. (Doc. No. 15.) Plaintiff never filed anything in response to that motion. Defendant's motion for summary judgment was filed while his motion to dismiss was pending. (Doc. No. 11.) For the reasons stated below, Defendant's motion for summary judgment (Doc. No. 15) is GRANTED, and Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11) is GRANTED.

**I.     Facts**

On the day of the events at issue, Plaintiff Armond Johnson was a pretrial detainee at the Cuyahoga County Corrections Center (the "Jail"). (Doc. No. 1 at 7.)[1] Johnson's Complaint names one defendant: Joseph Clark, a former corrections officer at the Jail. (*Id*. at 1.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Johnson alleges that on June 27, 2022, while he was an inmate at the Jail, Defendant "pulled the shower curtain open while [Plaintiff] was in the shower showering naked." (*Id*. at 4, 7.) Based on that alleged incident, Johnson seeks monetary damages under the Prison Rape Elimination Act ("PREA") and 42 U.S.C. § 1983. (*Id.* at 3.) There is no allegation that the Defendant physically touched Plaintiff or engaged in sexual conduct. (*See* Doc. No. 1.) Defendant filed a grievance, but he alleges that nothing was done about the incident. (*Id.* at 7-8.)

On February 1, 2023, Plaintiff filed his Complaint in this Court. (Doc. No. 1.) On August 10, 2023, Defendant filed a motion requesting additional time and leave to respond to the Complaint. (Doc. No. 10.) The Court granted that motion. (Minute Order Aug. 10, 2023). On August 22, 2023, Defendant filed a motion to dismiss under subsections (2), (5) and (6) of Fed. R. Civ. P. 12. (Doc. No. 11.) Defendant did not respond to that motion.

On January 12, 2024, Defendant filed a motion for summary judgment under Fed. R. Civ. P. 56. (Doc. No. 15.) On January 29, 2024, Magistrate Judge James E. Grimes, Jr. held a telephonic status conference with the parties. The minutes of those proceedings include the following:

> Plaintiff Johnson acknowledged receipt of Defendant's recently filed motion for summary judgment, ECF No. 15. The Court informed Mr. Johnson that any response must be filed on or before February 12, 2024, and Mr. Johnson indicated that he understood.

(Doc. No. 16.) As of March 1, 2024, Plaintiff has never filed any response in opposition to that motion.

## II.  Law and Analysis

### A.  Standard of Review

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a).

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of showing that no genuine issues of material fact exist." *Williams v. Maurer*, 9 F.4th 416, 430 (6th Cir. 2021) (citations and quotations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Mining Mach., Inc. v. Copley*, 145 F. App'x 149, 152 (6th Cir. 2005) ("The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.").

A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849-50 (6th Cir. 2020) (citations and quotations omitted).

"Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Queen v. City of Bowling Green, Kentucky*, 956 F.3d 893, 898 (6th Cir. 2020) (quotation and citations omitted). "[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id.*; *see also Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.,* 395 F.3d 338, 342 (6th Cir. 2005).

A party asserting or disputing a fact must cite evidence in the record or show that the record establishes either the absence or the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c) and (e). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(2); *see also Street v. J.C. Bradford & Co.*, 886 F.2d

1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.").

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the Court's role is not to make credibility determinations or "weigh" conflicting evidence. *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014); *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003). "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Payne*, 767 F.3d at 530.

### B. The PREA

"[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Section "1983 is not available to enforce a violation of a federal statute . . . where the statute did not create enforceable rights, privileges, or immunities within the meaning of § 1983." *Suter v. Artist M.*, 503 U.S. 347, 355-56 (1992).

"Courts within the Sixth Circuit have consistently held that the PREA does not create a private cause of action which can be brought by an individual plaintiff." *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 537 (N.D. Ohio 2020) (collecting authorities; quotation omitted); *accord Meinke v. Stammitti*, No. 1:23-cv-1175, 2023 WL 6662990, at *6 (N.D. Ohio Oct. 12, 2023).

The PREA does not provide Plaintiff with a private right of action. This claim is dismissed as a matter of law.

### C. Section 1983 and the PREA

Other than his reference to the PREA (discussed above), Johnson's Complaint merely cites Section 1983. (*See* Doc. No. 1.) Johnson failed to file a response to the motion for summary judgment, which leaves the Complaint as the only source material for the Court to draw upon in articulating any constitutional claim.

Just as the Court holds above that Plaintiff has no cause of action supplied by the PREA itself, he likewise may not predicate a Section 1983 claim on a purported violation of the PREA. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979)). "Section 1983 speaks in terms of 'rights, privileges, or immunities,' not violations of federal law." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 509 (1990) (quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). An action under Section 1983 may not be predicated upon a federal statute that itself does not confer rights or causes of action. *See id.* at 508-09.

To the extent that Plaintiff seeks to recover under Section 1983 for a violation of the PREA, Defendant is entitled to judgment as a matter of law.

### D. Section 1983 and the Constitution

The motion for summary judgment argues that Plaintiff's "Complaint suggests he may seek recovery under the Fourth Amendment for a violation of his bodily privacy and/or under the Eighth Amendment for cruel and unusual punishment." (Doc. No. 15-1 at 81.)[2] Defendant also

---

[2] Although Defendant's motion refers to it, "the Eighth Amendment does not apply to pretrial detainees[.]" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022). Instead, "the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018); *see Rouster v. Cnty of Saginaw*, 749 F.3d 437, 446 (6th

raised a qualified immunity defense in his motion for summary judgment.  (Doc. No. 15-1 at 84-85.)

> A plaintiff who brings a § 1983 action against [ ] an official bears the burden of overcoming the qualified immunity defense.  At the summary judgment stage, the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established.

*Thompson v. City of Lebanon, Tennessee*, 831 F.3d 366, 369-70 (6th Cir. 2016) (citations omitted).  Plaintiff has not identified a clearly established constitutional right that was violated.  This void entitles Defendant to judgment as a matter of law.

Further, in response to a Rule 56 motion, "the plaintiff must, at a minimum, offer sufficient evidence to create a genuine issue of fact, that is, evidence on which [a] jury could reasonably find for the plaintiff."  *Id.*  Plaintiff offered no evidence or opposition to the motion for summary judgment.  With no opposition or competing evidence, "[t]he facts presented and designated by the moving party were the facts at hand[.]"  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992); *see also* Fed. R. Civ. P. 12(c).  In these circumstances, the Court's "reliance on the facts advanced by the movant is proper and sufficient."  *Id.*  Plaintiff has not shown any genuine and material fact dispute.

Even if the Court were to treat Plaintiff's Complaint as akin to an affidavit, it would not suffice for purposes of Rule 56.  What is described here is a fleeting glimpse of Plaintiff naked by a prison guard of the same sex.  A momentary lapse of privacy in jail is not a constitutional violation.  *See generally Hudson v. Palmer*, 468 U.S. 517 (1984); *Bell v. Wolfish*, 441 U.S. 520

---

Cir. 2014) ("The Eighth Amendment protection against deliberate indifference extends to pretrial detainees in state prisons by operation of the Due Process Clause of the Fourteenth Amendment.").  The Due Process Clause "offers protections to pretrial detainees that at least match those afforded convicted prisoners under the Eighth Amendment." *Lawler v. Hardeman Cnty.*, No. 22-5898, 2024 WL 656912, at *5 (6th Cir. Feb. 16, 2024) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998)).  Viewed through either lens, Defendant is entitled to judgment as a matter of law for the reasons herein.

(1979); *Mills v. City of Barbourville*, 389 F.3d 568, 579-80 (6th Cir. 2004); *Pollock v. Brigano*, 720 N.E.2d 571, 576 (Ohio Ct. App. 1998).

Defendant also cited case law for the proposition that touchless sexual harassment is not cognizable as an Eighth Amendment violation. (Doc. 15-1 at 83 (collecting authorities).) Plaintiff provided nothing in response. Plaintiff did not cite Supreme Court or Sixth Circuit precedent in support of whatever right he may have believed was clearly established. *See generally Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

For these reasons, Defendant's Rule 56 motion is granted.

### E.     Defendant's Motion to Dismiss

Defendant initially filed a motion to dismiss prior to seeking summary judgment. (*See* Doc. No. 11.) For the reasons set forth below, Defendant's motion to dismiss under Rules 12(b)(2) and (5) is denied. Defendant's motion to dismiss under Rule 12(b)(6) is granted.

#### 1.     Service of Process and Personal Jurisdiction

Defendant initially protested that Plaintiff's means of delivering the Summons and Complaint to him – *i.e.*, delivering it to the Jail, which apparently gave it to Defendant – was an improper mode of service under Fed. R. Civ. P. 4. (Doc. No. 11.) Defendant argued that without proper service, personal jurisdiction would not attach to him. (*Id.* at 53-54.)

Even where a defendant raises and preserves those defenses, he may waive or forfeit the right to seek a ruling on the defenses at a later juncture through his conduct during the litigation. *See King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). "Put simply, a defendant's appearances, filings, and actions in the district court may constitute 'legal submission to the jurisdiction of [that] court.'" *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (quoting *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011)).

Before the Court ruled on the motion to dismiss, Defendant moved for summary judgment. (Doc. No. 15.) The latter motion contained no mention or reassertion of any Rule 12(b)(2) and (5) defenses. Defendant's Rule 56 motion was "inconsistent with the idea that the district court lacked personal jurisdiction over the defendant[.]. Indeed, [Defendant's] actions demonstrate that he sought to have the district court use its power over the parties to reach a decision on the merits[.]" *Boulger*, 917 F.3d at 477 (quotation and citation omitted). By affirmatively requesting that this Court make findings and conclusions of law in his favor under Rule 56, Defendant elected to forego his service-related challenges.

### 2. Merits of the Complaint as Pleaded

Defendant has not waived the defense of failure to state a claim upon which relief may be granted. *See* Fed. R Civ. P. 12(h)(2). The Sixth Circuit is not "willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In *Iqbal*, the United States Supreme Court held that the Rule 8 requirement recognized in *Twombley* to plead a "plausible" claim applies to Section 1983 complaints. 556 U.S. 680-81. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988).

"Principles requiring generous construction of *pro se* pleadings are not without limits." *Lacy v. Sheldon*, No. 1:10 CV 1974, 2011 WL 93719, at *3 (N.D. Ohio Jan. 11, 2011). "District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (quoted with approval in *Crawford v. Crestar Foods*, 210 F.3d 371, 2000 WL 377349 (6th Cir. 2000); *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL

302998 (6th Cir. 2000); and *Freeman v. Ramada Inn, Inc.*, 805 F.2d 1034, 1986 WL 16171 (6th Cir. 1986)).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679.

The Court has reviewed Plaintiff's Complaint and does not see a reference to the United States Constitution – much less an adequately pleaded claim for any constitutional violation.  Plaintiff's Complaint does not meet the *Iqbal-Twombley* pleading standard with respect to a claim under the Fourth, Eighth, or Fourteenth Amendment.  And as discussed previously, the PREA does not entitle Plaintiff to relief – either standing alone or through Section 1983.

Further, Plaintiff did not address – or add fact allegations to cure – the pleading deficiencies in his Complaint.

> When a defendant asserts qualified immunity in the face of a claim under § 1983, the plaintiff bears an additional burden of pleading facts that, if taken as true, establish not only the violation of his rights, but also that these rights were so clearly established when the acts were committed that any official in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to refrain from the conduct.

*Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419-20 (6th Cir. 2001) (citations omitted).  Plaintiff did not come forward with fact allegations to overcome qualified immunity.

For these reasons, the Court grants Defendant's motion to dismiss the Complaint for failure to state a claim on which relief may be granted.

**III.** **Conclusion**

For the reasons above, Defendant's motion for summary judgment (Doc. No. 15) is GRANTED, and Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11) is GRANTED. This case is DISMISSED with prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** March 5, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE